DOCKETED

DEC 2 4 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LINDBERG

JERRY PORTMAN,

Plaintiff,

vs.

UNITED REMANUFACTURING COMPANY, INC., an Illinois Corporation, and ROBERT PORTMAN, an individual

Defendants.

Case No. 03C 9293

MAGISTRATE JUDGE ASHMAN

FILED-EDS
03 DEC 23 PM 4:34
CLERK
U.S. DISTRICT COURT

## COMPLAINT

Plaintiff Jerry Portman, by his attorneys, for his complaint against Defendants United Remanufacturing Company, Inc. and Robert Portman, avers as follows:

1. Jerry Portman brings this action against United Remanufacturing Company, Inc. ("UREMCO") and Robert Portman for declaratory, injunctive and monetary relief arising from UREMCO's environmental contamination of the real property currently owned by Jerry Portman and Robert Portman.

### THE PARTIES

2. Plaintiff Jerry Portman is a resident of the Highland Park, Illinois.

3. UREMCO is an Illinois Corporation, with its principal place of business located at 9550 Soreng Avenue, Schiller Park, Illinois.

4. Defendant Robert Portman is a resident of Lincolnshire, Illinois.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this Complaint pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42

U.S.C. § 9613(b). This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court has authority to declare and enter judgment on the rights and liabilities of the parties pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g). This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(a) because the releases occurred in this District, all defendants reside in this District, and events giving rise to this action occurred in this District.

## FACTS GIVING RISE TO THE COMPLAINT

7. Plaintiff and Defendant Robert Portman, through a land trust, own the real property and improvements located at 9550 Soreng Avenue, Schiller Park, Illinois (the "Property"). The Property is approximately 2.2 acres on which an approximately 32,000 square foot industrial facility is sited.

8. Since 1978, the Property has been occupied by UREMCO. UREMCO is owned by Defendant Robert Portman and his son, David Portman. Plaintiff Jerry Portman has no ownership interest in UREMCO. While UREMCO occupies the Property, there is no written lease agreement. Instead, UREMCO pays $11,750.00 per month pursuant to an oral month-to-month lease. UREMCO is responsible for all maintenance and utilities associated with the Property.

9. UREMCO refurbishes and repairs carburetors. Since 1978, UREMCO has conducted its operations at the Property. In connection with its business, UREMCO uses many hazardous materials, including, but not limited to, Sodium Hydroxide, Muriatic Acid, Chromic Acid, Coating Oil, and Trichloroethylene.

10. UREMCO has released hazardous substances at the Property and there continues to be threatened releases of hazardous materials at the Property.

11. Plaintiff demanded that UREMCO indemnify Plaintiff for any liability he incurs as a result of UREMCO's release and threatened release of hazardous materials, including the payment of costs to clean up and/or remediate the Property. Specifically, in or about September 2002, Plaintiff advised Defendants that he wanted UREMCO to: (i) enter into a written lease; (ii) allow Plaintiff access to the Property; (iii) pay the cost of an inspection of the Property; and (iv) repair any and all damage to the Property, including cleaning up UREMCO's release of hazardous materials.

12. Defendants refused to pay the cost of repairing, cleaning up and remediating the Property.

13. Thereafter, in an effort to resolve the impasse, Plaintiff and Defendants began settlement negotiations. The negotiations culminated in an agreement. UREMCO agreed to pay the cost to repair any damage UREMCO caused to the Property, including the cost of cleaning up UREMCO's release of hazardous materials. UREMCO also agreed to indemnify Plaintiff for any claims made by third parties relating to the damage UREMCO caused to the Property. In exchange, Plaintiff agreed to list the Property for sale and to split the proceeds from sale with Defendant Robert Portman.

14. In furtherance of the settlement agreement, UREMCO commissioned a Phase I Environmental Site Inspection.

15. The Phase I Environmental Site Inspection indicates that UREMCO released hazardous materials into the ground of the Property and, in 1999, was cited by the Illinois

Environmental Protection Agency for RCRA hazardous waste violations.

16. After receiving Phase I Environmental Site Inspection, Defendants UREMCO and Robert Portman advised Plaintiff, contrary to their agreement, that UREMCO would not pay the remediation costs or indemnify Plaintiff for any damage UREMCO caused to the Property.

17. As of the date of this Complaint, UREMCO and Defendant Robert Portman have refused to indemnify Plaintiff.

18. The Property cannot be sold until the issue of cleaning up the Property has been resolved.

**COUNT ONE**
**FOR DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 AND 42 U.S.C. §§ 9613(F)**

19. Plaintiff realleges and incorporates Paragraphs 1 through 18 as if fully set forth herein.

20. The Property is a facility within the meaning of 42 U.S.C. § 9601(9)(A).

21. Pursuant to 42 U.S.C. § 9607(a), Plaintiff and Defendants UREMCO and Robert Portman are persons liable for their allocable and proportionate share of all response costs.

22. Plaintiff is entitled to contribution pursuant to 42 U.S.C. § 9613(f) for all costs to be incurred by Plaintiff, and Defendants UREMCO and Robert Portman are liable to Plaintiff for an allocable and proportionate share for such future response costs.

23. As between the parties, there is an actual controversy regarding how future cleanup costs should be apportioned between them.

24. Plaintiff contends that UREMCO (and its present owners), as the person(s) that actually released hazardous substances, should bear 100% of the costs of cleaning up and

remediating the Property. Defendants disagree.

## COUNT TWO – WASTE (AGAINST UREMCO ONLY)

25. Plaintiff realleges and incorporates Paragraphs 1 through 18 as if fully set forth herein.

26. UREMCO lawfully had possession of the Property.

27. UREMCO misused, altered and neglected the Property by, among other things, releasing hazardous materials into the ground at the Property.

28. The value of the Property has been diminished as a result of UREMCO's misuse, alteration and neglect of the Property.

## COUNT THREE – SPECIFIC PERFORMANCE

29. Plaintiff Jerry Portman realleges and incorporates Paragraphs 1 through 18 as if fully set forth herein.

30. The parties entered into a valid, binding and enforceable contract concerning, among other things, UREMCO's agreement to indemnify Plaintiff for all damage UREMCO had caused to the Property, including the cost of cleaning up UREMCO's release of hazardous materials.

31. Plaintiff is ready, willing and able to perform his part of the agreement.

32. Defendants UREMCO and Robert Portman have refused to perform their part of the contract.

33. The terms of the contract are clear, definite and unequivocal.

34. Equity mandates that Defendants UREMCO and Robert Portman be required to specifically perform his obligations under the contract.

## COUNT FOUR – BREACH OF CONTRACT

35. Plaintiff Jerry Portman realleges and incorporates Paragraphs 1 through 18 as if fully set forth herein.

36. The parties entered into a valid and legally binding contract concerning apportioning the costs to clean up the environmental damage to the Property and the sale of the Property.

37. Defendants UREMCO and Robert Portman breached the contract.

38. Plaintiff Jerry Portman has been damaged by the Defendant Robert Portman's breach.

WHEREFORE, Plaintiff prays as follows:

### ON COUNT ONE

a. That the Court declare UREMCO and Robert Portman liable for response costs to the Property and determine their allocable and proportionate share of all future costs of response to be incurred;

b. That the Court enjoin UREMCO to undertake and complete all response costs and associated abatement actions; and

c. That the Court award Jerry Portman his costs of litigation, including reasonable attorney and expert witness fees.

### ON COUNT TWO

a. That the Court enter judgment in favor of Plaintiff and against Defendant UREMCO, and award Plaintiff damages in amount to be determined at trial; and

b. That the Court award Plaintiff punitive and exemplary damages.

**ON COUNT THREE**

a. That the Court order the parties to specifically perform under the contract described herein; and

b. That the Court award Plaintiff his reasonable attorneys' fees and costs associated with this action.

**ON COUNT FOUR**

a. That the Court award compensatory damages in amount to be determined at trial; and

b. That the Court award Plaintiff his reasonable attorneys' fees and costs associated with this action;

c. That the Court award Plaintiff prejudgment interest.

**ON ALL COUNTS**

a. That the Court order such other relief it deems just and proper.

///

///

///

///

## JURY DEMAND

Plaintiff Jerry Portman demands a jury trial of all issues triable by jury.

Dated: December 23, 2003

Respectfully submitted,

JERRY PORTMAN

By: ______________________
One of his Attorneys

Jonathan M. Cyrluk (ARDC No. 6210250)
Joni M. Green (ARDC No. 6275035)
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603
Tel.: 312-338-0200
Fax: 312-338-0070

DOCKETED
DEC 24 2003 JUDGE LINDBERG
MAGISTRATE JUDGE ASHMAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

03C 9293

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): JERRY PORTMAN**

County of Residence:

Plaintiff's Atty: Jonathan M. Cyrluk
Stetler & Duffy, Ltd.
11 S. LaSalle St., Ste 1200
Chicago, IL 60603
(312) 338-0200

**Defendant(s):UNITED REMANUFACTURING COMPANY, INC. and ROBERT PORTMAN**

County of Residence:

Defendant's Atty:

FILED-ED5
03 DEC 23 PM 4: 34
CLERK
U.S. DISTRICT COURT

---

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**
Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **893 Environmental Matters**

VI.Cause of Action: **Declaratory Judgement Pursuant to 28 U.S.C. Section 2210 and 42 U.S.C. Section 9613(f)**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand: **TBD**
Jury Demand: **Yes**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

---

**Signature:** [signature]

**Date:** 12/23/03

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**